IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHELIA M. BOLAR, | ) | 8:17CV72 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| JOSEPH HUNTER; | ) | |
| SILVERLEAF INVESTMENTS LLC; | ) | |
| OAK VIEW APARTMENTS; | ) | |
| DOES 1-30, inclusive; and | ) | |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Shelia M. Bolar, filed this case on March 7, 2017, and was granted leave to proceed in forma pauperis on April 3, 2017. The court now conducts an initial review of her Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Bolar alleges she is "an honorably discharged, decorated, service-connected disabled female African-American veteran" who has right-sided weakness and balance problems, resulting from a stroke she suffered in 1985, and mild bone degeneration in both hips. Climbing more than 4 stair steps allegedly causes Bolar great pain and puts her at risk of falling.

Bolar alleges she rented a third-floor one-bedroom apartment from Silverleaf Investments and Joseph Hunter, the landlord and property manager for Oak View Apartments, on September 24, 2016, with the understanding that she would be able to move into a first-floor studio apartment in a day or two after a broken window was

repaired in that unit. Bolar alleges Hunter refused her request to move down to the first-floor apartment on October 2, 2016, stating that Bolar was contractually bound by a 12-month written lease on the third-floor apartment. Bolar claims she has fallen several times and has experienced pain in her lower back, hips, and knees from climbing stairs up to the third-floor apartment. Bolar also claims the apartment is uninhabitable because of snake infestation in the ceiling, walls, and floor, a condition which Hunter has failed and refused to correct.

In addition to suing Hunter, Silverleaf Investments, and Oak View Apartments, Bolar sues "various other unknown tenants," Does 1-30, for no apparent reason, and also sues the City of Omaha's Code Enforcement Unit of Planning Department for not taking "any meaningful or corrective action to cure said deprivation of Plaintiff's rights as a disabled person" (Filing No. 1 at CM/ECF p. 10). Bolar does not state what relief she is requesting as against any Defendant.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Bolar asserts her action "is brought pursuant to 42 U.S.C. 1983, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973 and the Fair Housing Act of 1988 as amended, as well as the Hate Crimes Clause of the Civil Rights Act of 1968, and upon the 1st, 4th, 5th, 8th, 13th and 14th Amendments to the U.S. Constitution" (Filing No. 1 at CM/ECF p. 3).

#### *A. ADA*

Bolar claims she was entitled to move from the third to the first floor of the apartment building as a reasonable accommodation under the Americans with Disabilities Act. This claim fails as a matter of law because Title III of the ADA, which prohibits disability discrimination in "any place of public accommodation," 42 U.S.C. § 12182(a), does not apply to residential facilities. *Lancaster v. Phillips Investments, LLC*, 482 F. Supp. 2d 1362, 1366-67 (M.D. Ala. 2007); *see Indep. Housing Servs. of San Francisco v. Fillmore Ctr. Assocs.,* 840 F.Supp. 1328, 1344 n. 14 (N.D.Cal. 1993) ("[T]he legislative history of the ADA clarifies that 'other place of lodging' [in definition of 'public accommodation'] does not include residential facilities."); H.R.Rep. No. 101-485(II), at 100 (1990) ("Only nonresidential facilities are covered by [Title III]."). Consequently, "apartments and condominiums do not constitute public accommodations within the meaning of the [ADA]. *Indep. Housing*

*Servs.*, 840 F.Supp. at 1344; *Moore v. Equity Residential Mgmt., L.L.C.*, No. 16-CV-07204-MEJ, 2017 WL 897391, at *3 (N.D. Cal. Mar. 7, 2017) ("[A]partment complexes do not constitute 'public accommodations' within the meaning of the ADA") (quoting *Arceneaux v. Marin Hous. Auth.*, 2015 WL 3396673, at *7 (N.D. Cal. May 26, 2015); *Reeves v. Hampton Forest Apartments*, No. CV 6:16-715-HMH-KFM, 2017 WL 326020, at *5 (D.S.C. Jan. 5, 2017), report and recommendation adopted, 2017 WL 282397 (D.S.C. Jan. 23, 2017) ("[A] private residential apartment complex . . . is not a public accommodation under the ADA and, therefore, not subject to ADA compliance.").

### B. Rehabilitation Act

"To state a Rehabilitation Act claim, Plaintiffs must allege they (1) are disabled; (2) are otherwise unqualified for the benefit or services they sought; (3) were denied those benefits or services 'solely' by reason of their disability; and (4) that the program providing the benefits or services receives federal assistance. *Moore*, 2017 WL 897391, at *4 (citing *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002)). There is no allegation in this case that Hunter, Oak View Apartments, or Silverleaf Investments receive federal assistance.

### C. Fair Housing Act

The Fair Housing Act (FHA) makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap," 42 U.S.C. § 3604(f)(1), but Bolar does not allege that she was denied housing because of a handicap. Bolar instead claims she was tricked into signing a lease for a third-floor apartment based on an alleged oral agreement that she would be able to move into a first-floor apartment when it became available.

### D. Civil Rights Act of 1968

The court is uncertain what statute Bolar is referencing when she invokes the "Hate Crimes Clause of the Civil Rights of 1968." If she is referencing Title IX of the Act, codified at 42 U.S.C. § 1361 as part of the FHA, that is a criminal statute which does not provide the basis for a private right of action. *See Wolf v. Jefferson Cty.*, No. 4:15-CV-1174-CEJ, 2016 WL 233247, at *2 (E.D. Mo. Jan. 20, 2016). The same is true of Title I of the Act, which is codified at 18 U.S.C. § 254. *See id.* Title VIII of the Act includes sections 3601-3619 of the FHA. The remaining titles of the 1968 Civil Rights Act have no possible application to the facts alleged in the Complaint.

### E. Constitutional Amendments

Finally, Bolar claims without elaboration that her constitutional rights have been violated by Defendants. Having carefully reviewed the complaint, the court is unable to discern any plausible constitutional claim. Even if the facts alleged could provide the basis for a § 1983 claim against the City of Omaha, which they do not, Bolar does not claim that any constitutional violation was the result of a municipal policy or custom, a finding of which would be a prerequisite to the imposition of liability against the City. *See Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990).

## IV. CONCLUSION

Bolar's Complaint fails to state a claim upon which relief can be granted as against any Defendant. Bolar has moved for leave to file an amended complaint which she says will be "more detailed and explanatory" (Filing No. 6), but she has not provided the court with a copy of the proposed amended complaint as required by NECivR 15.1(a) or even given an indication of what additional facts she intends to plead. Because the court concludes that amendment would be futile, considering the

extensive statement of facts Bolar already has alleged, the motion for leave to amend will be denied and this action will be dismissed without prejudice.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for leave to amend (Filing No. 6) is denied.

2. This action is dismissed without prejudice.

3. Judgment will be entered by separate document.

DATED this 4th day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge